UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY HAYWOOD,

        Plaintiff,

v.

                                                  Case No. 07-15002

COMMISSIONER OF SOCIAL SECURITY,        Honorable Julian Abele Cook, Jr.

        Defendant.

_____/

ORDER

On November 26, 2007, the Plaintiff, Mary Haywood, filed a complaint, seeking to obtain a review of an unfavorable decision by the Defendant, the Commissioner of the Social Security Administration. Subsequent to the filing of an answer in opposition to the allegations within the complaint by the Commissioner, both parties filed motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(c).[1]

These two dispositive motions, although originally referred to Magistrate Judge Virginia M. Morgan, were subsequently transferred to the newly appointed Magistrate Judge Michael Hluchaniuk, who filed a report on February 10, 2009 in which he recommended to the Court that it should (1) deny Haywood's motion for summary judgment and (2) grant the

---

[1] Fed. R. Civ. P. 56(c) states, in pertinent part, that "(t)he judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law."

1

Commissioner's motion for summary judgment. As of this date, neither party has filed an objection to his report.

For the reasons set forth below, the Court adopts Magistrate Judge Hluchaniuk's report, as well as his recommendation, in full.

I.

Haywood filed for disability insurance benefits on August 27, 2002,[2] contending that she has been unable to engage in any meaningful employment since December 16, 1996.[3] Following an administrative denial of her claim, she requested and, thereafter, obtained a review of a hearing before an administrative law judge. On November 15, 2005, Administrative Law Judge Bennett S. Engelman, to whom this matter was assigned, conducted a hearing and subsequently determined that Haywood was not disabled within the meaning of the Social Security Act. Feeling aggrieved, she made an unsuccessful effort to have the decision of the administrative law judge overturned by the Appeals Council. This lawsuit followed.

II.

Haywood was fifty-five at the time of her hearing before Administrative Law Judge

---

[2]Haywood had filed a previous claim for disability benefits on November 3, 1997. Haywood's claim was denied by the administrative law judge to whom the matter was assigned. Her appeal to the Appeals Council was rejected on July 10, 2002. Haywood's appeal to the federal district court was denied on October 25, 2002.

[3]In Haywood's petition for benefits, she initially pointed to December 16, 1996 which presumably represented the last date upon which she had been able to perform any work in the national economy. However, she amended this date during the administrative hearing to July 27, 2000 (the date of her fiftieth birthday). This modification is significant in that a claimant between the ages of fifty and fifty-four years is described in the Social Security Regulations as a person who is "closely approaching advanced age." *See* 20 C.F.R. § 404.1563(d). In turn, this change in her age category means that Haywood would be entitled to receive disability benefits if it is determined that she has a residual functional capacity which is limited to sedentary work. *See Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 842 (6th Cir 1997).

Engelman in November 2005. Her educational and employment history included a high school certificate and twenty years of experience as a machine operator.[4]

The medical evidence, which was proffered by Haywood during the administrative hearing in November 2005, includes a letter from her treating physician, Dr. Jon Schriner, who concluded that she was suffering from a degenerative osteoarthritis of the lumbar spine, cervical spine, and left thumb.  It is also his belief that his patient "is totally disabled from physical, manual labor work."  This opinion was based on his determination that Haywood had severe limited physical capacities (e.g., occasionally lift or carry ten pounds, carry an object of less than ten pounds).  There was also evidence that she, having attended physical therapy from September 25, 2001 to October 4, 2001, was discharged on October 18, 2001 because of her plans to travel to Florida.

Haywood proffered evidence to the administrative law judge that she had received psychological attention from Dr. A. el-Mohammed between August 1999 and October 2002, excepting therefrom two extensive periods (namely, October 2000 to May 2001 and October 2001 to June 2002) when she and her husband traveled to Florida.  There is no evidence that she sought or received any other psychological treatment while in Florida.[5]

During his treatment of Haywood, Dr. el-Mohammed found her to be depressed, anxious, and angry, an emotional condition that appeared to have gradually improved during the latter months of 2000 and through the balance of the following year. During the administrative

---

[4] Inasmuch as December 31, 2002 is the date on which she was last insured, the critical period of time for the purpose of her claim is between July 27, 2000 through December 31, 2002.

[5] During the administrative hearing, Haywood testified that she and her husband have spent approximately four to five months each year in Florida since 2000.

hearing in 2005, the vocational expert, in responding to an inquiry from Administrative Law Judge Engelman,[6] opined that there were approximately 11,000 jobs (e.g., teacher's aide, information clerk, and cashier) within the Michigan economy that she could perform.

Factoring in the records and the testimony that had been proffered by Haywood, along with the opinions from the expert witness, the administrative law judge concluded that she (1) did not meet or equal the criteria under the Listing of Impairments, (2) her complaints were not entirely credible, and (3) she remained capable of performing certain light and unskilled work. Thus, it was his determination that Haywood's application should be denied.

III.

This Court has the authority to review a final decision of the Social Security Administration to determine if it is supported by substantial evidence on the record and whether the Commissioner applied the correct legal standards to the issues. 42 U.S.C. § 405(g); *Brainard v. Sec'y of Health & Human Serv.*, 889 F.2d 679, 681 (6th Cir. 1989) (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Substantial evidence" has been described as the requisite amount of proof that would be necessary for a "reasonable mind [to] accept as adequate to support a conclusion." *Id.* (citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Thus, this Court must conduct its review based only on the record and, in so doing,

---

[6]The administrative law judge proffered the following inquiry to the vocational expert witness:
> Based on the evidence of record the undersigned finds the claimant retains the residual functional capacity to perform a restricted range of light and unskilled work. She is able to perform work that involves occasionally lifting of up to 20 pounds with more frequent lifting of up to ten pounds with no prolonged walking, standing or lifting, no use of air or vibrating tools, no over head work, no production line work and performing only simple repetitive tasks in a low stress work environment.

it should not attempt to try the case *de novo*, "make credibility determinations," or "weigh the evidence." *Id.* (citing *Reynolds v. Sec'y of Health & Human Serv.*, 707 F.2d 927 (6th Cir. 1983). Furthermore, if there is substantial evidence to support the Commissioner's decision, reviewing courts cannot reverse the decision merely because substantial evidence also exists to support the opposite conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

IV.

In this case, Haywood contends that (1) the administrative law judge failed to assign an appropriate evidentiary weight to the opinion of her treating physician, and, in turn, submitted an inaccurate hypothetical question to the expert witness, and (2) the expert witness' testimony should not be considered as substantial evidence because of the inappropriate hypothetical question that had been posed by the administrative law judge.

The Commissioner counters by asserting, *inter alia*, that (1) the administrative law judge correctly determined that medical evidence from Haywood's treating physician should not be given greater weight than other competent medical evidence, in that it was submitted three years after she was last insured; (2) the failure by the administrative law judge to discuss Dr. Schriner's opinion in depth was, at best, a harmless error inasmuch as it is at odds with the medical evidence in the record; and (3) the challenged hypothetical question that had been presented to the vocational expert was justifiable because it included all of Haywood's substantiated impairments and consequent limitations.

In order to be entitled to disability benefits, a claimant - such as Haywood - must establish the existence of a "medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); *Tyra v. Sec'y of Health and*

*Hum. Serv.*, 896 F.2d 1024, 1028 (6th Cir. 1990). In order to receive disability benefits, the claimant must show that she was disabled on or before her last insured date. *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). The Commissioner, who makes disability determinations on the basis of a five step evaluation, can render dispositive determinations at any point in the review. *See* 20 C.F.R. § 404.1520(a). However, if the review reaches the fifth step, the Commissioner must establish that there are a significant number of jobs in the national economy that the claimant can perform given his residual functional capacity. 20 C.F.R. § 416.920(a)(4)(iv); *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

Here, the Court is in agreement with Magistrate Judge Hluchaniuk who expressed the view that there is substantial evidence in the record upon which to justify the Commissioner's decision. First, the Court notes that Haywood did not challenge the findings by the administrative law judge regarding her physical limitations in her earlier appeal. Thus, Haywood must demonstrate through new and material evidence that her circumstances have changed since the first hearing. *See Slick v. Comm'r of Soc. Sec.*, 2009 U.S. Dist. LEXIS 3653 at *5 (E.D. Mich. January 16, 2009).

Although a treating physician's opinion is usually given more weight, *Jones v. Sec'y of Health and Hum. Serv.*, 945 F.2d 1365, 1370 (6th Cir. 1991), an administrative law judge is permitted to accord less weight to the treating physician's opinions if there is contradictory evidence on the record. *Warner v. Comm'r of Social Sec.*, 375 F.3d 387, 391 (6th Cir. 2004). As the magistrate judge correctly noted, Dr. Schriner's opinions are not supported by the medical evidence in the record which shows that Haywood's condition did not worsen from the prior adjudicative period. Moreover, his medical opinions were created three years after the relevant period. Thus, the administrative law judge was justified in not assigning controlling

weight to Dr. Schriner's medical opinion.

In addition, there is substantial evidence on the record to justify the hypothetical question that was given to the vocational expert by the administrative law judge. It is axiomatic that a hypothetical question must incorporate all of a claimant's physical and mental limitations. *Redfield v. Comm'r of Soc. Sec.*, 366 F. Supp. 2d 489, 497 (E.D. Mich. 2005). However, the duty of the administrative law judge to assess a claimant's credibility only requires the questioner to incorporate those limitations that are objectively credible into the hypothetical question. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003).

Inasmuch as Haywood had not proffered any new material regarding her physical condition since the first hearing, the administrative law judge was justified in concluding that she could still perform light work prior to her last insured date of December 31, 2002. Hence, the failure of the administrative law judge to include any other physical or mental limitations was correct or, at the very worse, harmless because the evidence in the record did not warrant it. As such, the determination by the administrative law judge (namely, that Haywood was not disabled for the relevant period) is supported by substantial evidence on the record.

IV.

Accordingly and for the reasons that have been stated above, the Court adopts Magistrate Judge Hluchaniuk's report and, in so doing, it (1) denies Haywood's motion for summary judgment and (2) grants the Commissioner's motion for summary judgment.

IT IS SO ORDERED.

Date: March 11, 2009　　　　　　　　　　　　　　　s/Julian Abele Cook, Jr.
    Detroit, MI　　　　　　　　　　　　　　　　　　　JULIAN ABELE COOK, JR.
　　　　　　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 11, 2009.

<u>s/ Kay Doaks</u>
Case Manager
